996 F.2d 1229
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose VASQUEZ, Plaintiff-Appellant,
v.
MERRILL FARMS, Defendant-Appellee.
 No. 92-15260.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 16, 1993.
Decided June 25, 1993.
 
 Before: GOODWIN, HUG, and FLETCHER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jose Vasquez, a migrant farm worker, was injured on Merrill Farms' property when he fell off the back of a pick-up truck and was run over by a trailer being towed by the truck. Vasquez brought an action in the district court under the motor vehicle safety provisions of the Migrant and Seasonal Agricultural Workers Protection Act (AWPA), 29 U.S.C. §§ 1801-1872. Defendant, Merrill Farms, moved for summary judgment on the ground that the AWPA did not apply to the circumstances that constituted Vasquez's claim. The district judge granted Merrill Farms' motion for summary judgment and dismissed the action. Vasquez now appeals that decision. We reverse and remand.
 
 I.
 
 3
 Vasquez is an agricultural worker who, at the time of the accident, was employed by Merrill Farms. On August 23, 1989, Vasquez was instructed to go to a certain field, check a sprinkler, then wait for a pick-up truck to come take him to another part of the farm to load pipes. Vasquez got in the back of the pick-up and rode a distance of about 600 feet before he fell off the pick-up and was run over by the trailer being towed by the truck. He sustained serious injuries in the accident.
 
 
 4
 We review awards of summary judgment de novo. Jones v. Union Pacific R.R., 968 F.2d 937, 940 (9th Cir.1992). We review the evidence in the light most favorable to Vasquez to determine whether there are any genuine issues of material fact and whether the district court correctly applied the substantive law. Federal Deposit Ins. Corp. v. O'Melveny & Myers, 969 F.2d 744, 747 (9th Cir.1992).
 
 II.
 
 5
 The AWPA provides minimum safety regulations for vehicles that transport migrant and seasonal farm workers. These regulations are found in 29 C.F.R. §§ 500.104 and 500.105. Under the regulations promulgated by the Secretary of Labor, automobiles and station wagons used to transport workers must meet the standards of section 500.104. 29 C.F.R. § 500.102(a). When transporting workers only in the cab, a pick-up is also considered to be an automobile or station wagon, and is also subject to section 500.104. 29 C.F.R. § 500.102(f). However, any vehicle used for a "day haul" or for any trip of a distance greater than 75 miles is required to meet the more stringent regulations found in section 500.105. 29 C.F.R. § 500.102(b), (c). Finally, any vehicle that is not classified as a automobile or station wagon under subsection 500.102(a), or is not used for day hauls or trips of greater than 75 miles under subsections 500.102(b) or 500.102(c), must meet only the more lenient requirements of section 500.104. 29 C.F.R. § 500.102(d). Thus, the requirements of section 500.104 apply to the pick-up used to transport Vasquez because that pick-up was not included in the categories of vehicles that must meet the more stringent requirements of section 500.105. 29 C.F.R. § 500.102(d) (1992) ("Any vehicle ... used by any farm labor [employer] ... in any manner not addressed by paragraphs (a), (b), or (c) of this section shall meet the vehicle safety standards prescribed in § 500.104.").
 
 A.
 
 6
 Subsection 500.104(1) requires that vehicles used to transport workers provide seats for those workers. However, that subsection also includes an exception for trips of less than ten miles and trips that begin and end on the farm. Subsection 500.104(1) states:
 
 
 7
 (1) Seats. A seat securely fastened to the vehicle will be provided for each occupant or rider in, or on, any vehicle, except that transportation which is primarily on private farm roads will be excused from this requirement provided the total distance traveled does not exceed ten (10) miles, and so long as the trip begins and ends on a farm owned or operated by the same employer.
 
 
 8
 29 C.F.R. § 500.104(1) (1992). It is undisputed that the trip in this case was to begin and end on Merrill Farms' property. Further, it is undisputed that the trip was not planned to exceed 10 miles in length. Thus, we conclude that the exception to the seating requirement of subsection 500.104(1) applies here, and Merrill was excused from providing seats in the pick-up truck that transported Vasquez.
 
 
 9
 Vasquez argues that even if the exception in subsection 500.104(1) does apply to this case, we should not enforce it because the Labor Secretary's promulgation of the exception to the seating requirement is contrary to Congressional intent. We disagree.
 
 
 10
 The Supreme Court has ruled that when Congress expressly delegates authority to an agency to fill in a gap, the decision of that agency should be given deference. Chevron U.S.A., Inc. v. Natural Res. Def. Counsel, 467 U.S. 837, 843-44 (1984). In Chevron, the court stated:
 
 
 11
 If Congress has explicitly left a gap for the agency to fill, there is an express delegation of authority to the agency to elucidate a specific provision of the statute by regulation. Such legislative regulations are given controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute....
 
 
 12
 We have long recognized that considerable weight should be accorded to an executive department's construction of a statutory scheme it is entrusted to administer....
 
 
 13
 467 U.S. at 843-44 (footnotes omitted). Following Chevron, we must give considerable deference to the Labor Secretary in promulgating regulations under the express authority of Congress. We note that while it was undeniably Congress's intent to protect farm workers, Congress expressly delegated the task of promulgating regulations to carry out the Act to the Labor Secretary. Congress outlined the factors that the Secretary could use and the record reveals that the Secretary did, indeed, take those factors into consideration when creating the regulations. We conclude, therefore, that the Labor Secretary's creation of the exception to the seating requirements found in subsection 500.104(1) is a valid regulation.
 
 B.
 
 14
 Subsection 500.104(n) requires that the floor and sides of vehicles used to transport workers be free of openings or defects that are likely to cause injury. That section states:
 
 
 15
 (n) Passenger compartment. Floor and sides of any part of the vehicle to be occupied by passengers must be free of openings, rusted areas or other defects which are likely to result in injury to passengers.
 
 
 16
 29 C.F.R. § 500.104(n) (1992). At oral argument, counsel stated that the three primary types of vehicles used to transport workers on the farms are vans and buses, which do have closed sides. It was agreed that a flat-bed truck, which had no sides, would not comply with the requirements of section 500.104(n). A pick-up truck could possibly comply. The pick-up truck did have sides that extended upward from the bed of the truck, about two feet, but were open above that height. Factual questions exist as to whether the openings above the sides and tailgate, if any, that surround the bed of the truck, which was "to be occupied by passengers," were "likely to result in injury to passengers." This would depend on how passengers were actually transported in the back of the pick-up and the risks involved.
 
 
 17
 Because there remains a factual question whether Merrill Farms violated subsection 500.104(n), we reverse and remand for further proceedings consistent with this decision.
 
 
 18
 REVERSED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3